

FILED
DEC 01 2008
Monica M. Menier, Clerk
United States Bankruptcy Court
Middle District of Louisiana

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:                                                              CIVIL ACTION
VISUAL FULFILLMENT SERVICES, INC.

VERSUS

MARTIN A. SCHOTT, TRUSTEE
FOR LARRY KOENIG & ASSOC., L.L.C.
AND LARRY AND NYDIA KOENIG, INDIVIDUALLY    NO. 04-311-C

## MEMORANDUM ORDER

This is an appeal from an order of the bankruptcy court finding that the debtors had adequately disclosed their interests in intellectual property belonging to the estate and dismissing Visual Fulfillment Services, Inc.'s claims and its Petition for Intervention.

## BACKGROUND

This bankruptcy case commenced on November 5, 2001 by a voluntary petition under Chapter 7. The debtor, Larry Koenig and Associates, LLC ("LKA"), was a family business operated by Lawrence John Koenig and engaged in the business of conducting parenting seminars across the United States. During the bankruptcy, the trustee sued Andrea McLear, stepdaughter of Larry Koenig; LKA; and Larry and Nydia Koenig ("the Koenigs") to establish ownership of, or to recover several assets. Appellant, Visual Fulfillment Services, Inc. ("VFS"), intervened in this adversary proceeding, seeking to assert its claim to intangible rights, including copyrights, relating to numerous books, tapes, videos, pamphlets and other works

Doc#1634

allegedly created by Larry Koenig prior to filing bankruptcy. VFS also sought to have the Koenigs amend their bankruptcy schedules to include as assets certain copyrights and other intellectual property rights associated with books, manuals, and audio and videotapes created by Larry Koenig and used in connection with his parenting seminars. On March 31, 2004, the bankruptcy judge rendered an order denying all relief sought by VFS and dismissing VFS's Petition for Intervention.

Now, VFS appeals asserting that the bankruptcy court erred when it dismissed VFS's petition for intervention and erred when it failed to require the Koenigs to amend their Bankruptcy schedule item 21. VFS argues that the bankruptcy schedule's item 21 does not properly reflect the full name or describe the copyrighted works.

In its brief, LKA asserts that the bankruptcy court correctly found that the debtors made adequate disclosures. LKA further asserts that the bankruptcy court authorized the sale of the assets in question to Dr. Koenig and, therefore, LKA argues that this appeal is moot and should therefore be dismissed because VFS failed to move for a stay of the bankruptcy court proceeding pending the outcome of its appeal. Through the trustee's brief, LKA asserts that VFS sought no stay and no stay was granted, and the bankruptcy trustee has sold the assets in this matter. The trustee asserts that there is nothing left to administer in this case, and thus, the appeal is moot because all of the property of the bankruptcy estate has been sold.

Title 11 U.S.C. § 363(m) provides that a bankruptcy court's authorization of

the sale of property under 11 U.S.C. § 363(b) "to an entity that purchase ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal cannot be reversed or modified." In **In re Ginther**, 238 F.3d 686, 689 (5th Cir.), writ denied, 534 U.S. 814, 122 S.Ct. 39, 151 L.Ed.2d 12 (2001), the Fifth Circuit acknowledged and applied its previous adoption of the Seventh Circuit's interpretation of § 363(m). The Fifth Circuit stated that under § 363(m), the "failure to obtain a stay is fatal to a challenge of a bankruptcy court's authorization of the sale of property."[1] The Fifth Circuit noted that even a jurisdictional challenge does not negate or excuse a party's failure to obtain a stay.[2] The Fifth Circuit concluded that the appeal was moot because the party failed to obtain a stay.

According to the trustee, the intellectual property at issue has been sold as have all other assets in the estate. VFS failed to obtain a stay of the bankruptcy proceedings. Under these circumstances, 11 U.S.C. § 363(m) precludes this court from undoing the sale in order for the debtor to amend the schedules. The court cannot grant appellant that relief, and it is not apparent that any other relief would be effective to redress appellants' complaints. Consequently, the appeal must be

---

[1] 238 F.3d at 689.

[2] Id.

dismissed as moot. Accordingly,

IT IS ORDERED that the appeal is DISMISSED AS MOOT.

Baton Rouge, Louisiana, this 5th day of April, 2007.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA